# United States District Court
### EASTERN DISTRICT OF TEXAS
### DIVISION

| | | |
|---|---|---|
| RANDALL LEE HALER | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-185 |
| | § | Judge Mazzant |
| BOYINGTON CAPITAL GROUP, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Randall Lee Haler's appeal from an order issued by the United States Bankruptcy Court for the Eastern District of Texas granting partial summary judgment in favor of Boyington Capital Group, LLC. Having considered the relevant pleadings, the Court finds that the bankruptcy court's decision should be affirmed.

## BACKGROUND

Randall Lee Haler ("Haler") was the Executive Vice President and a limited partner of McKinney Aerospace, L.P. ("McKinney Aerospace"), a business engaged in repairing airplanes. In March 2006, McKinney Aerospace entered into four contracts with Boyington Capital Group, LLC ("Boyington") to repair a Boyington business jet. In April 2006, Boyington tendered to McKinney Aerospace a payment of $337,275 for the repairs. On June 6, 2006, Boyington tendered an additional $60,000 for an agreed-upon change order. Later that same day, however, Boyington sent a letter to McKinney Aerospace instructing it to forgo any further work on the jet and requested a refund of all monies paid but not yet spent. McKinney Aerospace did not refund the money, and on July 6, 2006, Boyington filed suit in the 429th Judicial District Court of Collin County, Texas (the "State Court Litigation").

In the State Court Litigation, a jury found Haler liable for fraud by inducement, fraud by non-disclosure, violation of the Texas Deceptive Trade Practices Act, violation of the Texas Theft

Liability Act, and conversion. The jury found that the injury Boyington suffered as a result of Haler's actions was in the amount of $258,021.73. On June 24, 2010, after the entry of the jury verdict but before the entry of a final judgment, Haler filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The state district court signed a final judgment on December 6, 2011, which Haler appealed. On August 15, 2013, the Texas Court of Appeals for the Fifth District of Texas partially affirmed the district court's final judgment and reversed and remanded only on the issue of attorneys' fees. On June 9, 2015, the state district court signed an amended final judgment. After the state district court judgment became final and nonappealable, the bankruptcy court dissolved its abatement on August 20, 2015.

On December 1, 2015, Boyington filed a motion for partial summary judgment seeking a judgment as a matter of law that the debt owed by Haler should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) ("Section 523(a)(2)(A)") as a debt obtained by a false representation.[1] On March 2, 2016, the bankruptcy court granted the motion, holding that the specific jury findings rendered against Haler under the state law theories of fraudulent inducement and fraud by non-disclosure rendered the debt nondischargeable as a matter of law under Section 523(a)(2)(A). The bankruptcy court cited to the summary judgment record and jury findings that Haler "perpetuated an actual fraud upon Plaintiff for his personal benefit, that he engaged in a theft and/or conversion . . . and that he knowingly failed to disclose information which induced the Plaintiff to tender the money" and held that each of the elements required for nondischargeability under Section 523(a)(2)(A) were fulfilled.

---

[1] 11 U.S.C. § 523(a)(2)(A) provides: "a discharge under section 727 of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

The bankruptcy court further held that Haler's false misrepresentations were not statements pertaining to McKinney Aerospace's "financial condition" that would be dischargeable under Section 523(a)(2)(A). The bankruptcy court noted that Haler's statements regarding McKinney Aerospace's general financial stability and amount of accessible cash did not "present a picture of the company's overall financial health" and were "not excluded from the scope of Section 523(a)(2)(A) as references to the company's financial condition and . . . immune from a determination of nondischargeability." The bankruptcy court thus held that Haler was precluded under the principles of collateral estoppel from relitigating whether his debt was obtained by false pretenses, false representation, or fraud. The bankruptcy court concluded that Haler's debt in the original amount of $258,021.73, plus pre-judgment and post-judgment interest, was nondischargeable as a matter of law.

On March 17, 2016, Haler filed a notice of appeal (Dkt. #1). On June 28, 2016, Haler filed his Appellant's brief designating the following issues for appeal:

1. Whether the bankruptcy court erred in holding the alleged statements of financial condition did not qualify as statements of financial condition pursuant to 11 U.S.C.A. §523(a)(2)(A)?

2. Whether the bankruptcy court erred in applying collateral estoppel to the state court judgment when the jury findings could have been based upon the Appellant's alleged misrepresentation of financial condition?

3. Whether the bankruptcy court erred by applying collateral estoppel to Appellee's fraudulent inducement and fraud by nondisclosure claims when Appellee failed to produce evidence the findings were not based on Appellant's alleged statement of financial condition?

4. Whether the bankruptcy court erred in applying collateral estoppel to Appellee's theft claim by circumventing the exception to nondischargeability found in §523(a)(2)(A) through application of nondischargeability found in §523(a)(4), and Appellee failed to present evidence the finding was not based on the Appellant's alleged oral statements of financial condition? (Dkt. #11 at pp. 2–3).

On August 11, 2016, Boyington filled its Appellee's brief (Dkt. #14). Haler filed a reply on August 29, 2016 (Dkt. #18).

**LEGAL STANDARD**

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1)(2012). A bankruptcy court's "findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008). *See also In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Ferrell v. Countryman*, 398 B.R. 857, 862 (E.D. Tex. 2009).

**ANALYSIS**

1. **Whether the bankruptcy court erred in holding the alleged statements of financial condition did not qualify as statements of financial condition pursuant to 11 U.S.C.A. §523(a)(2)(A)?**

The threshold issue in Haler's appeal is whether the bankruptcy court erred in holding that his oral representations regarding McKinney Aerospace were not statements of "financial condition" under Section 523(a)(2)(A). Haler argues that the bankruptcy court improperly applied collateral estoppel because the jury's findings of fraud may have been based on statements of financial condition, rendering the debt dischargeable. The Court reviews the bankruptcy court's conclusion of law de novo.

"In a Chapter 7 bankruptcy proceeding, many of a debtor's debts are discharged." *In re Bandi*, 683 F.3d 671, 673 (5th Cir. 2012). Certain debts obtained by false pretenses, a false

representation, or actual fraud are nondischargeable under Section 523(a)(2)(A). *Id.* at 674. However, "that subsection carves out certain debt . . . obtained by a statement regarding the debtor's 'financial condition' and makes that debt dischargeable." *Id.* The term "financial condition" "means the general overall financial condition of an entity or individual, that is, the overall value of property and income as compared to debt and liabilities." *Id.* at 676. The term "financial condition" is not "a broadly descriptive phrase intended to capture any and all misrepresentations that pertain in some way to specific assets or liabilities of the debtor." *Id.* The term connotes "the overall net worth of an entity." *Id.* Statements concerning a debtor's financial condition include balance sheets, statements of change in overall financial position, or income and debt statements. *Id.* at 675. *See also Cohen v. Third Coast Bank, SSB*, No. 1:13-CV-610, 2014 WL 2729608, at *9 (E.D. Tex. June 16, 2014), *aff'd sub nom. In re Cohen*, 599 F. App'x 192 (5th Cir. 2015).

Haler made two oral representations regarding McKinney Aerospace's financial stability that he argues were statements of "financial condition." Haler stated that McKinney Aerospace was in "very fine legally financial shape" and that it had "plenty of cash to operate [the] business." These statements do not describe "the overall value of property and income as compared to debt and liabilities." *In re Bandi*, 683 F.3d at 676. The phrase "very fine legally financial shape" is not akin to a balance sheet or income statement describing the company's debt, liabilities and overall net worth. *Id.* Likewise, references to McKinney Aerospace's amount of cash pertain to specific assets of the debtor and do not connote overall net worth. *Id.* These statements are thus not statements of "financial condition" that would render Haler's debt dischargeable under Section 523(a)(2)(A).

Therefore, the bankruptcy court properly held that Haler's statements did not qualify as statements of financial condition under Section 523(a)(2)(A) and that as a matter of law, Haler's debt was nondischargeable under Section 523(a)(2)(A).

> **2. Whether the bankruptcy court erred in applying collateral estoppel to the state court judgment when the jury findings could have been based upon the Appellant's alleged misrepresentation of financial condition?**

Collateral estoppel, or issue preclusion, prevents parties from relitigating the same issues conclusively determined between them in a previous action and applies equally to findings of fact and conclusions of law. *Cardwell v. Gurley*, No. 4-10-CV-706, 2011 WL 6338813, at *3 (E.D. Tex. Dec. 19, 2011), *aff'd sub nom. In re Cardwell*, 487 F. App'x 183 (5th Cir. 2012) (citing *Arizona v. California*, 530 U.S. 392, 414–415, (2000); *Test Masters Educational Servs, Inc. v. Singh*, 428 F.3d 559, 572 (5th Cir.2005)). Collateral estoppel applies in bankruptcy dischargeability proceedings. *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir .2005). Parties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability, although the bankruptcy court retains jurisdiction to ultimately determine the dischargeability of the debt. *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997).

The preclusive effect given to state court judgments under collateral estoppel is a function of the full faith and credit statute. *Id.* In deciding the preclusive effect of a state court judgment in federal court, federal courts must look to the laws of the state that rendered judgment to determine whether courts of that state would afford that judgment preclusive effect. *Matter of Gober*, 100 F.3d 1195, 1201 (5th Cir.1996) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). Under Texas law, "collateral estoppel applies when an issue

decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action. *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).

Appellant contends that collateral estoppel should not apply to the state court findings because the state court "permitted consideration of alleged statements of financial condition." Appellant states that "the issue before this court is whether Appellant engaged in false pretenses, false representations, actual fraud or violated the Texas Theft Liability Act <u>absent</u> any oral statement concerning financial condition." Appellant relies on *In re Tobman*, 107 B.R. 20 (S.D.N.Y. 1989) and *In re Bogdanvich*, 292 F.3d 104 (2nd Cir. 2002) to state that "collateral estoppel cannot apply to findings that potentially incorporate oral misrepresentations concerning financial conditions."

As discussed above, however, the statements Haler made regarding McKinney Aerospace were not statements of financial condition. The bankruptcy court did not err in applying collateral estoppel to the state court judgment because the jury's findings of false pretenses, false representations, actual fraud, and violations of the Texas Theft Liability Act were not based on statements of financial condition. Accordingly, it was proper for the bankruptcy court to preclude relitigation of whether Appellant engaged in false pretenses, false representations, actual fraud or violated the Texas Theft Liability Act.

3. **Whether the bankruptcy court erred by applying collateral estoppel to Appellee's fraudulent inducement and fraud by nondisclosure claims when Appellee failed to produce evidence the findings were not based on Appellant's alleged statement of financial condition?**

Appellant argues that "the bankruptcy court erred in applying collateral estoppel on the common law fraud claim because the jury could have relied on Appellant's alleged statement concerning the financial condition of McKinney Aerospace." Appellant argues that because the jury used a broad form jury charge, "it cannot be determined whether the jury actually decided

7

Appellant committed fraud cognizable under Section 523(a)(2)(A) absent the statements of financial condition."

Again, Haler's statements that McKinney Aerospace was in "very fine legally financial shape" and that it had "plenty of cash to operate [the] business" do not describe "the overall value of property and income as compared to debt and liabilities." *In re Bandi*, 683 F.3d at 676. The statements are not statements of financial condition on which the jury may have relied in finding Appellant committed fraud. The bankruptcy court did not err in applying collateral estoppel because the jury actually decided that Appellant committed fraud, and these findings were not based on dischargeable oral misrepresentations under Section 523(a)(2)(A).

4. **Whether the bankruptcy court erred in applying collateral estoppel to Appellee's theft claim by circumventing the exception to nondischargeability found in §523(a)(2)(A) through application of nondischargeability found in §523(a)(4), and Appellee failed to present evidence the finding was not based on the Appellant's alleged oral statements of financial condition?**

Appellant argues that the bankruptcy court erred in applying collateral estoppel to the jury's finding of theft because Appellee did not present evidence that the jury's finding was not based on the alleged misrepresentations of financial condition. As discussed above, Haler's statements were not statements of financial condition under Section 523(a)(2)(A). The theft claim thus did not incorporate false representations of financial condition.

## CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is **AFFIRMED**.

SIGNED this 1st day of February, 2017.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE